## JOSEPH L. KELLEY & another *vs.* MARSHALL L. DRURY.

The supreme court of the United States having decided that a discharge under the insolvent laws of this commonwealth is no bar to an action upon a promissory note given to a citizen of another state, who has not proved his claim in insolvency, although the note was payable in this commonwealth, this court will adopt and apply the same doctrine.

CONTRACT upon a promissory note signed by the defendant and made payable in Worcester to the order of the plaintiffs, who were at the time the note was given and still are citizens

of Maine. It was agreed in the superior court that the defend-ant subsequently obtained his discharge in insolvency in this commonwealth, and that the plaintiffs' note was not proved against his estate; and judgment was thereupon rendered for the plaintiffs. The defendant appealed to this court.

*D. L. Morril,* for the defendant.

*T. L. Nelson,* for the plaintiffs.

DEWEY, J. The decisions of the supreme court of the United States upon a question of this nature are guides to which we yield, as the highest exponents of the law. The question we were called upon to decide in *Scribner* v. *Fisher*, 2 Gray, 43, was as to the effect of the statute of this commonwealth known as the insolvent law, *St.* 1838, *c.* 163, in the provision for grant-ing a discharge of the debtor " from all debts which are provable under this act and which are founded on any contract made by him after this act shall go into operation, if made in this commonwealth or to be performed within the same," in its ap-plication to any such debts arising on contracts with a citizen of another state.

The general principle that our insolvent law could not affect citizens of other states, to whom liabilities were created that followed the person of the creditor, was well understood, and practically applied by the court in numerous cases. But the question whether a certificate of discharge obtained here could be pleaded in our courts in bar of a contract which by its terms was to be performed here was thought by a majority of this court not to have been directly decided in any case presenting that precise point, by the supreme court of the United States.

The doubt has been whether a party who makes a contract with a citizen of Massachusetts, which is by its terms to be wholly performed here, does not subject himself to the existing state laws as to its performance, and as to what will discharge the contracting party from liability in reference to the same.

The supreme court of the United States have, in the recent case of *Baldwin* v. *Hale*, 1 Wallace, 223, considered and de-cided this precise point. It was there held that in case of a promissory note made in this commonwealth and to be paid

here, but to a citizen of Vermont, such discharge was not a good defence to an action on the note in the federal courts. This court has not been disposed to make any discrimination in favor of our citizens in proceedings against them in the state courts, in distinction from proceedings in the courts of the United States, although in the two prominent cases cited by the learned judge in the opinion in the case of *Baldwin* v. *Hale*, those of *Ogden* v. *Saunders*, 12 Wheat. 213, and *Suydam* v. *Broadnax*, 14 Pet. 75, the points stated, as ruled by the court, seem to recognize such possible distinction, and hold " that a certificate of discharge under such law cannot be pleaded in bar of an action brought by a citizen of another state in the courts of the United States, or of any other state than that where the discharge was obtained."

We take the decision in the case of *Baldwin* v. *Hale* in the broadest application of its doctrines, and give it full effect in the courts of Massachusetts in favor of a citizen of another state. The result is, that the discharge pleaded in bar of the present action cannot avail the defendant.

*Judgment for the plaintiffs.*